FILED
AUG 2 4 2020
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EUPHORIC SUPPLY INC., a California corporation; and JULIAN ARMSTRONG, an individual,<br><br>Defendants. | Case No.: 3:20-cv-00914-BEN-BLM<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[ECF No. 7] |

Before the Court is a Motion to Dismiss filed by Defendants Euphoric Supply Inc. and Julian Armstrong. Mot., ECF No. 7-1. For the reasons that follow, the Defendants' Motion is **DENIED**.

## I.   BACKGROUND[1]

Plaintiff Backgrid USA Inc. is a celebrity photography agency that licenses its content to news outlets and other entities. Compl., ECF No. 1, ¶ 7. It is alleged that Defendants sell celebrity action figures and branded t-shirts. *Id.* at ¶ 9. One of those

---

[1] The following overview of the facts are drawn from Plaintiff's Complaint, which the Court assumes true in analyzing Defendant's motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

1

action figures depicts Kanye West, an American rapper, producer, fashion designer, and presidential candidate. *Id.* at Ex. B.

Plaintiff alleges it owns the copyright to a photograph of Kanye West. *Id.* at Ex. A. Plaintiff registered the photograph with the United States Copyright Office.[2] *Id.* at ¶ 8. Plaintiff alleges the Kanye West action figure packaging includes a cropped version of its copyrighted photograph placed in front of a gradient background. *Id.* at ¶ 11, Ex. B. Plaintiff further alleges the action figure itself is an unauthorized derivative work of its copyrighted photograph, which Defendants sold for up to $75 per item. *Id.* at ¶ 10.

Plaintiff's Complaint alleges copyright infringement in violation of 17 U.S.C. § 501. *Id.* Defendants jointly filed this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot., ECF No. 7-1. Both parties have also submitted Requests for Judicial Notice in support of their arguments. RJN, ECF No. 7-2; RJN, ECF No. 8-1.

**LEGAL STANDARD**

**A. Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal for lack of subject matter jurisdiction because "[i]t is a fundamental principle that federal courts are courts of limited jurisdiction." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374, (1978)). The plaintiff bears the burden of establishing that subject matter jurisdiction exists. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

**B. Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if, taking all factual allegations as true, the complaint fails to state a plausible claim for

---

[2] The copyright number listed in the Complaint is VA002152029. All parties agree the copyright registration number provided in the initial Complaint was incorrect.

relief on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). Dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## II. DISCUSSION

Defendants argue Plaintiff has failed to state a claim for copyright infringement on three primary grounds. First, they argue Plaintiff has failed to establish standing because it has not provided evidence that it registered the West photograph with the United States Copyright Office. Mot., ECF No. 7-1, 5. Second, Defendants argue they did not copy any protectable elements from the West photograph. *Id.* at 6-10. Finally, Defendants argue their use of the West photograph constitutes permitted fair use. *Id.* at 10-16. As discussed below, the Court finds the allegations in Plaintiff's Complaint sufficient to withstand the motion to dismiss.

### A. Plaintiff has plausibly pleaded ownership of the Kanye West photograph

Defendants first argue that the Court should dismiss Plaintiff's Complaint under Fed. R. Civ. Proc. 12(b)(1) because Plaintiff "has failed to identify a valid copyright registration number for the West Photo, depriving this Court of subject-matter jurisdiction." *Id.* at 1.

Generally, the United States Copyright Act requires copyright holders to register their works before suing for copyright infringement. 17 U.S.C. § 411(a); *Fourth Estate Public Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881 (2019). However, "Section

411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010). A motion to dismiss alleging a plaintiff does not have an ownership interest in a copyrighted work should be addressed under Rule 12(b)(6) for failure to state a claim, rather than under Rule 12(b)(1) for lack of subject-matter jurisdiction. *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1001 (9th Cir. 2015). This is because "the issue is statutory rather than Article III standing." *Id.* (citations omitted). Accordingly, the Court addresses Defendants' Motion pursuant to Rule 12(b)(6).

Applying Rule 12(b)(6), a plaintiff must plausibly allege it owns a valid copyright registration for its work to satisfy the ownership prong of a copyright infringement claim. *See Hybrid Promotions, LLC v. Zaslavsky*, No. 16-CV-2227-RAO, 2016 WL 10988656, at *9 (C.D. Cal. Oct. 5, 2016). "While it may be helpful for claimants to identify by number their copyright registrations in their initial pleadings, and indeed necessary to do so at later stages in litigation, the failure to do so is not fatal at the [Rule] 12(b)(6) stage." *Id.* at *10.

Defendants assert that a plaintiff must provide "proof of registration" to vest this Court with subject-matter jurisdiction. Mot., ECF No. 7-1, 5-6. That is incorrect at the pleading stage. To require proof -- which is something beyond "plausible allegation" in the Complaint -- would inappropriately raise the pleading standard established in *Twombly* and *Iqbal*. Moreover, it would waste party and judicial resources in this particular case as the dispute here revolves around the simple omission of a single digit in Plaintiff's Complaint. *See* Compl, ECF No. 1, ¶ 8; Mot., ECF No. 7-1, 5-6; Opp'n., ECF No. 8, 3. Accordingly, the Court finds Plaintiff has plausibly alleged that it owns the West photograph and that it correctly registered the photograph with the United States Copyright Office.

**B.  Plaintiff plausibly alleges infringement of the West photograph**

The Complaint alleges Defendants use the West photograph on the commercial packaging for their action figure. Compl., ECF No. 1, ¶ 8. To state a claim for copyright

infringement, Plaintiff must plausibly allege the following elements: "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 984 (9th Cir. 2017) (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991)).

Plaintiff alleges Defendants did not have permission to use the West photograph. Compl., ECF No. 1, ¶ 8. Plaintiff attaches two exhibits to the Complaint, one containing the West photograph and a second exhibit reflecting Defendant's action figure with the allegedly infringing photograph. *Id.*, Exs. A, B. Defendants concede that the packaging contains a portion of the Plaintiff's copyrighted photograph, specifically that portion depicting Kanye West. Mot., ECF No. 7-1, 2.

Pursuant to the Copyright Act, a copyright owner is provided the exclusive rights (with specified statutory exceptions) to distribute and reproduce his works. *Reed Elsevier*, 559 U.S. at 157. "Anyone who violates any of the exclusive rights of the copyright owner as provided [in the Act] is an infringer of the copyright." 17 U.S.C. § 501(a). "When such infringement occurs, a copyright owner 'is entitled, subject to the requirements of section 411, to institute an action' for copyright infringement." *Reed Elsevier*, 559 U.S. at 157 (quoting 17 U.S.C. § 501(a)) (emphasis omitted).

The parties agree that photographs are entitled to at least some copyright protection. *See Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1071, 1073 (9th Cir. 2000) (photographs of a vodka bottle to be featured in advertisements were entitled to copyright protection under "the longstanding and consistent body of case law holding that photographs generally satisfy this minimal standard" of creativity). Although copyright protection would not extend to the natural appearance or idea of Kanye West himself, *see Satava v. Lowry*, 323 F.3d 805, 813 (9th Cir. 2003), it does extend to "original works of authorship fixed in any tangible medium of expression," such as a photograph. 17 U.S.C. § 102(a). Moreover, the Ninth Circuit has "recognized repeatedly that the creative decisions involved in producing a photograph may render it sufficiently original to be copyrightable." *Los Angeles News Serv. v. Tullo*, 973 F.2d 791, 794 (9th Cir. 1992)

(quoting *United States v. Hamilton,* 583 F.2d 448, 452 (9th Cir. 1978)). A photograph may have "carefully delineated selection[s] of subject, posture, background, lighting, and perhaps *even perspective alone* as protectible elements of a photographer's work." *Id.* (emphasis added) (internal quotations omitted).

Defendants dispute the allegations, contending the West photograph is "bereft of creativity" and thus is entitled only to "thin" copyright protection. Mot., ECF No. 7-1, 7-8. Defendants argue the West photograph is "essentially factual in nature" as the photographer simply "captured [Mr. West] in public as [he] naturally appeared and [was] not tasked with directing the subject[], altering the backdrop[] or otherwise doing much to impose creative force." *Id.* at 7 (quotation marks omitted). This argument, which would require the Court make findings of disputed fact and determine whether the copyrighted photograph contains creative elements, is not the proper subject of a motion to dismiss.

Instead, Plaintiff has done all that is required at the pleading stage. It has plausibly alleged that Defendants used the copyrighted West photograph on the action figure's packaging without permission. Compl., ECF No. 1, ¶ 10. Plaintiff also attached exhibits to its Complaint showing the photograph on Defendants' packaging and supporting its allegation that the packaging is an "unauthorized derivative work of the West Photo." *Id.* at ¶ 10. The Court is not persuaded by Defendants' argument that using a cropped version of the photograph on its packaging, as opposed to reproducing the entire photo, negates Plaintiff's allegations of misappropriation.

**C. Fair Use is not properly decided at this time**

Defendants contend that their use of the West photograph constitutes fair use, and thus the Plaintiff cannot bring a claim for copyright infringement. The Court finds adjudication under the fair use doctrine to be improper at this time.

Fair use is an exception to a copyright holder's right to exclusive use of an original work. 17 U.S.C. § 107. The use of a copyrighted work for "purposes such as criticism, comment, news reporting, teaching, ... scholarship, or research" is fair use and therefore

not an infringement of copyright. *Id.* Nevertheless, it is an affirmative defense that assumes copyright infringement has occurred and places the burden on the infringer to show why his use was fair. *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012). In determining whether use of a copyrighted work is protected under the fair use doctrine, courts consider: "(1) the purpose and character of the use, including whether the use is commercial or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107.

Fair use reflects the goals of the Copyright Act "to promote the progress of science and art by protecting artistic and scientific works while encouraging the development and evolution of new works." *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 799 (9th Cir. 2003). Accordingly, the doctrine allows courts flexibility in interpreting the copyright statute when its strict application would otherwise restrict the kind of creativity the statute intended to encourage. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). The factors are analyzed on a case-by-case basis and weighed together in determining whether use is fair use of copyrighted material. *Id.* at 577-78. Though the fair use defense is a mixed question of law and fact, it may be decided on a motion to dismiss if there are no material facts in dispute. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 530 (9th Cir. 2008). Importantly, however, at the 12(b)(6) stage, courts generally "may not consider any material beyond the pleadings." *United States v. Corinthian Colleges*, 655 F.3d 984, 998–99 (9th Cir. 2011) (quotations omitted).

Here, Plaintiff identifies material facts in dispute and persuasively explains that "Defendants' fair use argument necessarily depends on information that exists outside of the Complaint." Opp'n, ECF No. 8, 7. For example, the parties disagree, *inter alia*, over the transformative use of the West photograph, the extent of creativity contained in the copyrighted work, and whether Plaintiff has "already exhausted the limited and time

sensitive market for the West Photo." *Id.* at 7-8, 10, 12; Mot., ECF No. 7-1, 13,15. Accordingly, fair use cannot be resolved on this motion to dismiss.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiff's Complaint is **DENIED**. As the Court did not require review of the matters for which judicial notice was requested to resolve this Motion, those requests are denied as moot.

**IT IS SO ORDERED.**

DATED: August 24, 2020

HON. ROGER T. BENITEZ
United States District Judge