Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Boulevard
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:    (949) 258-5081

Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
**ONE LLP**
9301 Wilshire Boulevard
Penthouse Suite
Beverly Hills, CA 90210
Telephone:   (310) 866-5157
Facsimile:    (310) 943-2085

Attorneys for Plaintiff
Backgrid USA, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>EUPHORIC SUPPLY INC., a California corporation; JULIAN ARMSTRONG, an indiviudal, and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 3:20-cv-00914-BEN-BLM<br>Hon. Roger T. Benitez<br><br>**JOINT RULE 26(F) REPORT** |

Plaintiff Backgrid USA, Inc. ("Backgrid" or "Plaintiff") and Euphoric Supply, Inc. and Julian Armstrong (collectively "Euphoric Supply" or "Defendants") (collectively "Parties") hereby submit their joint report pursuant to Federal Rule of Civil Procedure 26(f) and Paragraph 6 of the Court's Notice and Order for Early Neutral Evaluation Conference and Case Management Conference via Videoconference (Dkt. 14):

(A) <u>Changes to Rule 26(a) Requirements</u>

The Parties do not request any changes made to the timing, form, or requirement of disclosures under 26(a).

(B) <u>The Subjects on which Discovery May be Needed, When Discovery Should be Completed, Whether Discovery should be Conducted in Phases</u>

The Parties anticipate conducting discovery on copyright infringement liability, willfulness, and Defendant's affirmative defenses. Discovery should be completed by July 12, 2021. There is no need for discovery to be conducted in phases or otherwise limited.

(C) <u>Issues About ESI</u>

The Parties do not anticipate any issues regarding ESI.

(D) <u>Issues About Claim of Privilege</u>

The Parties do not anticipate any issues regarding the claim of privilege.

(E) <u>Changes Made in the Limitations on Discovery</u>

The Parties do not request any changes made in the limitations on discovery.

(F) <u>Other Orders under Rule 26(c) or Rule 16(b) and (c)</u>

The Parties anticipate stipulating to a protective order relating to the treatment of confidential information that may be exchanged in discovery.

(G) <u>Service</u>

The Parties are not aware of any parties that remain to be served.

/ / /

/ / /

(H) Amendment of Pleadings

The Parties do not anticipate adding or dismissing parties, claims, or defenses at this time.

(I) Protective Order

The Parties intend to submit a proposed protective order to the Court by October 29, 2020.

(J) Privilege

The Parties will exchange privilege logs to identify any responsive discovery being withheld on the basis of privilege. The Parties agree that no attorney-client communications that post-date the filing of this litigation need be included on such privilege logs. Should a dispute over the propriety over a privilege claim arise during the course of litigation, the Parties shall meet and confer in good faith and attempt to resolve the dispute informally prior to seeking relief from the Court. The Parties do not anticipate seeking an order pursuant to Fed. R. Evid. 502.

(K) Evidence Preservation

The Parties have discussed issues related to the preservation of relevant evidence and have no areas of disagreement at this time.

(L) Electronic Discovery

The Parties will search the files of all relevant custodians of record in response to associated discovery requests and produce correspondence and routine documentation in PDF format, with any other ESI produced in native format kept by the producing party in order to preserve metadata. The Parties have not identified any issues regarding electronically stored information that may not be readily accessible and have not made any agreements in relation thereto at this time.

(M) Discovery

The Parties have not taken any discovery to date, have no proposed limitations or modifications of the discovery rules, and have no identified discovery disputes at this time.

(N) <u>Related Cases</u>

The Parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

(N) <u>Scheduling</u>

The Parties propose the following dates:

- Fact discovery cutoff: July 21, 2021
- Expert designations and disclosures: July 21, 2021
- Expert discovery cutoff: September 1, 2021
- Filing of dispositive motions: September 15, 2021
- Pretrial conference: October 27, 2021
- Trial: November 10, 2021

(N) <u>Professional Conduct</u>

All attorneys of record for the parties have reviewed Civil Local Rule 83.4 on Professionalism.

Dated: October 5, 2020            **ONE LLP**

By: /s/ Joanna Ardalan
Joanna Ardalan
Peter R. Afrasiabi

Attorneys for Plaintiff
Backgrid USA, Inc.

Dated: October 5, 2020            **JOHNSON & JOHNSON LLP**

By: /s/ Daniel B. Lifschitz
Daniel B. Lifschitz

Attorneys for Defendants
Euphoric Supply, Inc. and Julian Armstrong

4